Timothy J. Silverman, Esq. [SBN 145264]
SOLOMON, GRINDLE, SILVERMAN & SPINELLA
A Professional Corporation
12651 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 793-8500
Facsimile: (858) 793-8263

Attorneys for Secured Creditor
JP MORGAN CHASE BANK, N.A.

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MARIA LEONOR CALDERON,<br><br>Debtor. | Case No: 07-06030-A7<br><br>**OPPOSITION TO DEBTOR'S MOTION TO REDEEM PERSONAL PROPERTY UNDER 11 U.S.C. § 722**<br><br>Date:  February 14, 2008<br>Time:  2:00 p.m.<br>Dept:  2 |

COMES NOW, JP MORGAN CHASE BANK, N.A. ("BANK") by and through its attorneys of record, and submits the following Opposition to Motion for Redemption Under 11 U.S.C. 722 ("Opposition") and would respectfully show the Court as follows:

I.  **STATEMENT OF FACTS:**

A.  On or about April 10, 2007, the Debtor executed and delivered to BANK's predecessor-in-interest, Toyota of Chula Vista, a written Retail Installment Sale Contract - Simple Interest Finance Charge ("Contract"), for value received. Pursuant to the terms of Contract, the Debtor promised to pay the principal sum of $13,028.39 at an initial interest rate of 22.20%, commencing on or about May 25, 2007, and continuing until paid in full. The current monthly payment is $364.61.

1

      B.     To secure repayment of this indebtedness, Debtor granted a beneficial interest in the personal property described as a 2005 Dodge Neon SXT, Vin No. 1B3ES56C55D223523. The lien and security interest is evidenced by the California Certificate of Title for the vehicle.

      C.     On or after April 10, 2007, all right and title in the Contract and Certificate of Title was transferred by Toyota of Chula Vista to BANK.

      D.     On October 25, 2007, the Debtor defaulted under the terms of the Contract, by failing to make the monthly payment due on that date. The Debtor has also failed to make all consecutive monthly payments on Contract due thereafter to BANK. Arrearages exist in the amount of $1,093.92, representing three (3) payments, but excluding any late charges or attorney's fees and costs. An additional payment is due on January 25, 2008.

      E.     The total amount due and owing to BANK on the Contract as of December 19, 2007, is $13,321.43, excluding attorney's fees and costs.

## II. VALUATIONS

Bankruptcy Code §506(a)(2), recently amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("the Act"), provides that "If the debtor is an individual in a case under chapter 7 or 13, such value with respect to personal property securing an allowed claim shall be determined based on the replacement value of such property as of the date of the filing of the petition without deduction of costs of sale or marketing. With respect to property acquired for personal, family, or household purposes, replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined.." BANK contends that the amendment of § 506(a)(2) overturns those opinions that had permitted valuations based upon wholesale valuations, including the Supreme Court's *Rash* decision, by requiring retail values to be used in chapters 7 and 13, at least as to property acquired by the Debtor for personal, family, or household use.

///

///

For the reasons set forth below, BANK contends that it is entitled to a redemption value of at least $12,608.00, which includes the remaining value of the Extended Service Contract and GAP Insurance.

A review of the Debtor's redemption motion reveals that she proposes to pay BANK the sum of $5,999.00 to redeem the vehicle.

(1) To support this value, the Debtor offers two (2) advertisements from K & S Auto Sales in Spring Valley, CA which were located through autotrader.com and offered as reliable evidence of the replacement value of the vehicle.

(2) Notably, the Debtor fails to highlight, as reflected on the Contract attached hereto as Exhibit "1" that she purchased the car from Toyota of Chula Vista only approximately six (6) months before filing bankruptcy for a cash price of $10,783.98, plus sales tax of $948.41, a service contract of $2,000.00 and gap contract of $600.00, for a total purchase price of $14,387.39. Yet now the Debtor believes her vehicle is worth only 41% of what she purchased it for six months ago.

In reviewing the autotrader.com website, and performing a search for advertisements for similar vehicles in the San Diego area, as of December 21, 2007, there were 42 similar vehicles with a price range from $16,000 to $5,999 with an average of $9,876. These values do not include necessary sales tax or the $2,600 in add-on insurance coverage purchased by the Debtor.

Not surprisingly, the two vehicles used by the Debtor in her valuation are the two most inexpensive vehicles for sale and represent the extreme end of the scale.

Further, while the Debtor proposes to pay BANK a lump sum of $5,999.00 to redeem the vehicle, the Debtor proposes to finance the redemption amount through 722 Redemption Funding, Inc. over time. The Debtor proposes to pay 722 Redemption Funding, Inc. the total amount of $10,008.00 to redeem the vehicle including accrued interest of $3,187.36 calculated at a whopping 27.496%!

///

3

Interestingly, the amount of $10,008.00 is approximately the replacement value of the vehicle based upon the average from the 42 vehicles listed for sale on autotrader.com on December 21, 2007, without considering the $2,600.00 in service contract and gap insurance purchased by the Debtor at the time of sale. Accordingly, the BANK believes that the replacement value of the vehicle is $12,608.00.

### III. CONCLUSION

WHEREFORE, premises considered, the BANK respectfully requests this Court deny Debtor's Motion to the extent it seeks to value the vehicle at $5,999.00, and determine the redemption value of the vehicle to be $12,608.00. BANK prays for such other and further relief to which it may be justly entitled.

Dated: December 30, 2007                    Respectfully Submitted,

SOLOMON, GRINDLE, SILVERMAN & SPINELLA

By: /s/ Timothy J. Silverman
Timothy J. Silverman, Esq.
Attorneys for Secured Creditor JP MORGAN CHASE BANK, N.A.